IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

FRANCISCO MIMO LANNOY, STEPHEN H. MIMO-LANNOY

    Plaintiffs,

        v.

FROEDTERT SOUTH INC., SAINT CATHERINE'S MEDICAL CENTER, DANIELLE DUMAS, and ASHLEY TOBIN

    Defendants.

Judge Adelman

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS**

Defendants FROEDTERT SOUTH INC. ("Froedtert South"), DANIELLE DAMASK (improperly sued as "Danielle Dumas") and ASHLEY TOBIN, by and through their attorney, Katherine A. Rodosky, and pursuant to Fed. R. Civ. P. Rule 12 (b)(6), move to dismiss Plaintiffs' Complaint at Law with prejudice, and submit the following Memorandum of Law in support. Defendants also file herewith under separate cover the **NOTICE TO PRO SE LITIGANTS** as required by Local Rule 7.

### I. BACKGROUND

Despite it having only recently been filed before this Court, there is a long history to this case. The dispute arises out of an alleged incident that took place on January 14, 2018. According to the multiple complaints that have been filed over the past 18 months, plaintiff Francisco Mimo-Lannoy ("FML") suffered a possible head injury in a tubing accident and was taken by ambulance to St. Catherine's Medical Center, owned and operated by defendant Froedtert South, Inc. Plaintiffs allege that Stephen Mimo-Lannoy ("SML") was temporarily barred from seeing his

husband FML in the emergency room based on his sexual orientation. Plaintiff then started filing complaints, each and every one of which is regarding the incidents of January 14, 2018.

### A. Agency Charges

On March 2, 2018 plaintiffs filed a complaint with the Wisconsin Department of Workforce Development (DWD), Equal Rights Division (ERD), alleging sexual orientation discrimination in public accommodation on 1/14/18. See, ERD 2018-00658, included in Group Exhibit A. Plaintiffs voluntarily withdrew this charge so they could pursue claims in federal court, and was dismissed by the ERD on September 21, 2018. See ERD 9/21/18 Notice of Dismissal in Exhibit A.[1]

### B. U.S. District Court of the Northern District of Illinois

On September 14, 2018 plaintiffs filed a *pro se* complaint against Froedtert South, Inc. in the Northern District of Illinois, alleging the incident of 1/14/18 violated their rights under Title II of the Civil Rights Act. See, N.D. IL complaint 18-cv-06297, attached in Group Exhibit B. Plaintiffs also sought leave to amend their complaint to add a claim under the Affordable Care Act. Defendant filed a motion to dismiss for lack of jurisdiction because the incident occurred in Wisconsin, and the defendant lacks any ties to the state of Illinois.[2] The Court agreed. On November 26, 2018 Judge Kennelly entered an order striking the amended pleadings and transferring the case to the Eastern District of Wisconsin. Ex. B.

### C. U.S. District Court for the Eastern District of Wisconsin

---

1  Plaintiffs re-filed the very same ERD charge on November 13, 2018, alleging the same claims made in the earlier complaint. The ERD dismissed the second charge for lack of jurisdiction because plaintiffs already filed and voluntarily dismissed the same complaint. The February 2019 Preliminary Order and March 2019 Final Ddismissal Order are included in group Exhibit A.
2  Defendants also objected to the Motion for Leave to File because amendment would be futile. The Court entered an order dismissing the Motion to Dismiss without prejudice, and striking the Motion for Leave to Amend, when

[2]

## 1. Francisco Mimo-Lannoy et al v. Froedtert South, 18-CV-1867-pp

The same complaint regarding the 1/14/18 incident was filed in this Court under case number 18-CV-01867 before the Honorable Pamela Pepper. A copy of the full docket report is attached and included in Group Exhibit C. Defendant renewed the motion to dismiss because sexual orientation is not a protected characteristic under Title II. Ex.C, dkt. #22. Plaintiffs filed a response and a motion for leave to amend with a proposed amendment. Ex. C, dkt. #23. The complaint and proposed amendment collectively tried to allege violations of Title II, the Affordable Care Act and Title III of the Americans with Disabilities Act. See, Motion and Proposed Amended Complaint, included in Group Exhibit C. Defendant filed a reply and argued for dismissal because the proposed amendment would be futile. Ex. C, dkt.#25.

On April 24, 2014 Judge Pepper conducted a lengthy hearing on the motions.[3] The Court specifically discussed the factual allegations and discussed in detail the pleading requirements to state a claim under Title II, the ACA and the ADA. Plaintiffs were given full opportunity to be heard, ask questions and argue their case – which they did. Judge Pepper carefully reviewed the case history, the federal rules and statutes involved, and all of the allegations raised in plaintiffs' various pleadings and proposed pleadings. The Court explained in detail why amendment would be futile and dismissal was appropriate. Ex. C, dkt. #30.

Notably, plaintiffs confirmed on the record that the complaint is for discrimination based on sexual orientation. Judge Pepper further said that she must construe the pleadings liberally and since plaintiffs are *pro se*, she also considered whether plaintiffs were trying to assert a claim for violation of the Equal Protection clause even though this was not asserted in the pleadings. The

---

it transferred the case to this Court.
3   The audio file of the hearing is embedded in the pdf order of April 24, 2019 (Ex. C, dkt. #30). It is just over 42

[3]

Case 2:19-cv-01087-LA    Filed 09/26/19    Page 3 of 17    Document 10

Court explained the requirements for pleading under 42 U.S.C. §1983. Judge Pepper said that plaintiffs are suing a private hospital, not a state actor, so they cannot state a constitutional claim either. The Court also explained there would be the same outcome if plaintiffs sued an individual nurse, because the employee of a private hospital is not a state actor either. *Id*.

Additionally, Judge Pepper discussed that plaintiffs should consider whether their claims should be filed in state court; and answered plaintiff's questions about diversity jurisdiction. The Court was extremely thorough and careful in explaining the basis for its decision. Judge Pepper answered plaintiffs' questions thoughtfully and directly. At the conclusion of the hearing plaintiff FML said "I would request more time to file an amended complaint." The Court granted plaintiffs 30 days, until May 24, 2019, to give them time to discuss the case with an attorney and file an amended complaint. Ex. C.

It therefore came as a surprise when, just two days later on April 26, 2019, plaintiffs submitted for e-filing yet another Amended Complaint again regarding the 1/14/18 incident. Ex. C, dkt. #33, and 5/2/19 Amended Complaint included in Group Exhibit C. This time around plaintiffs alleged that the incidents of 1/14/18 violated 42 CFR §482.13(a), (b), (c) and (h). The section lists conditions that hospitals must meet in order to participate in Medicare. Defendant moved to dismiss because there is no private right of action under the regulation, and cited cases from around the country where other courts came to the same conclusion. Ex. C, dkt.#35. Plaintiffs did not seek leave to amend. Rather, they filed two separate briefs disputing the motion. Plaintiffs argued the Court should forge a new path and allow them to assert a private cause of action. Ex. C, dkt. #36, 39. Judge Pepper declined to do so, and granted the Motion to Dismiss.

minutes long.

[4]

See, 7/12/19 Memorandum Opinion Order attached as Exhibit D. The opinion explains the weight of authority from other jurisdictions makes clear that there is no private right of action for patients to sue to enforce the regulations. Furthermore, the Social Security Act does not identify a private right of action to sue under 42 C.F.R. §482.13. Importantly, the 7/12/19 Order also carefully set forth the procedure and time line for plaintiffs to appeal the Court's decision. Ex. D. Judgement was entered for defendant the same day, July 12, 2019. Ex. D.

### 2. Mimo-Lannoy et al v. Froedtert South, Inc., et al 19-C-1087

Plaintiffs did not file a notice of appeal of the July 12, 2019 Order and Judgment. Rather, in blatant disregard of the Court order and within the time allowed to file a notice of appeal, plaintiffs filed an entirely new complaint against Froedtert South, and added "St. Catherine's Medical Center, Danielle Dumas, and Ashley Tobin." See Complaint, attached as Exhibit E. In this latest iteration of their case plaintiffs purport to allege violations of Wisconsin Statute § 106.52, the First Amendment of the Wisconsin Constitution, 28 U.S.C. § 1343, 42 U.S.C. § 2000b-2, and the Ninth Amendment of the U.S. Constitution. Here again, all allegations relate to the same January 14, 2018 incident at the heart of all earlier charges and complaints, including the complaint dismissed with prejudice on July 12, 2019 and the judgment entered the same day.

## II. ARGUMENT

Plaintiffs disregard this Court's Order and procedural law wholesale in bringing this new suit. First, all claims regarding the 1/14/18 incident are barred from being re-litigated. Furthermore, in the latest complaint plaintiffs fail to allege a cause of action and/or plead themselves out of court. Plaintiffs also attempt to bring suit against St. Catherine's Medical Center, which is not an entity capable of being sued. As such, the totality of Plaintiff's complaint

should be dismissed with prejudice, and plaintiffs should be barred from filing further pleadings regarding the January 14, 2018 incident.

### A. STANDARD OF REVIEW

In determining whether to dismiss complaint under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017). But while a *pro se* plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers," he still "can plead himself out of court." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). The Seventh Circuit recently reaffirmed that "when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (citations and footnote omitted); *Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir.2008) (plaintiff can plead self out of court based on *res judicata).*

### B. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ALL CLAIMS ARE BARRED FROM RE-LITIGATION BY RES JUDICATA

It is well settled in American legal jurisprudence that the doctrine of *res judicata* bars claims that have been litigated (or that could have been litigated) from being litigated again. "The doctrine enjoys an established pedigree and advances important values…. *res judicata* is a rule of fundamental and substantial justice, of public policy and private peace, which should be cordially regarded and enforced by the courts" *Sledge v. Bellwood Sch. Dist. 88*, 2010 WL 1579920, at *3

(N.D. Ill. 2010), aff'd, 487 F. App'x 313 (7th Cir. 2012) quoting *Hart Steel Co. v. R.R. Supply Co.,* 244 U.S. 294, 299 (1917).

In deciding a Rule 12(b)(6) motion to dismiss for *res judicata*, the Court may take judicial notice of the pleadings and court orders attached in Exhibits A-D. See, *Ennenga v. Starns,* 677 F.3d 766, 773–774 (7th Cir.2012)("court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned").

A dismissal for *res judicata* is appropriate when there was (1) a final decision in the first suit on the merits; (2) the second dispute arises from the same transaction, as identified by the same operative facts; (3) and involves the same parties to the first suit (either directly or through privity of interest). *Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Circ. 2011); *Ross v. Board of Education*, 486 F.3d 279, 283 (7th Circ. 2007). Federal claim preclusion principles apply when the previous final decision at issue was rendered in federal court. *Ross v. Board of Education*, 486 F.3d 279, 283 (7th Circ. 2007).

The case at hand meets all of the criteria for *res judicata*.

### 1. There was a Final Dismissal on the Merits

This Court dismissed plaintiffs' first suit on July 12, 2019. The Order of Dismissal explicitly stated it was a final judgment. (Exhibit D, p.10), and judgment was entered by the clerk on the same day (Ex. D). Furthermore, a dismissal for failure to state a claim under Rule 12(b)(6) operates as an adjudication on the merits for purposes of *res judicata*. See, *Cannon v. Loyola University of Chicago*, 609 F.Supp. 1010 (N.D. Ill. 1985) citing *Federated Dept. Stores v. Moitie* 452 U.S. 394, at 399 n. 3 (1981); *Bell v. Hood,* 327 U.S. 678, 681–82 (1946); *Mandarino v.*

[7]

Case 2:19-cv-01087-LA   Filed 09/26/19   Page 7 of 17   Document 10

*Pollard,* 718 F.2d 845, 849 (7th Cir. 1983)(state court judgment on pleadings is preclusive); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 4439 (1981) at 354–62.  As such, there is a final judgment from the first suit and the first element of *res judicata* is met.

### 2. Both Suits Arise From the Same Set of Operative Facts

Plaintiffs' first suit arose from an alleged incident which took place on January 14, 2018. The new suit is also solely regarding alleged incidents of January 14, 2018. While plaintiffs go into more detail in the most recent complaint, both suits allege that on January 14, 2018 plaintiff SML was denied or delayed visitation of plaintiff FML based on sexual orientation. (Exhibits C, E). In other words, the same operative facts underlie all claims in both the previous and current lawsuit. Accordingly, the second element of *res judicata* is met.

This also applies to the state law claims asserted in the newest complaint. In *Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Circ. 2011), the Seventh Circuit held that where a plaintiff had brought a new suit from the same set of operative facts and which included new state claims that were not asserted in the first federal action, the state claims must also be barred by *res judicata*.  The Seventh Circuit held: "We have consistently explained: 'Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations.' " *Czarniecki*, 633 F.3d at 550, citing *Brzostowski v. Laidlaw Waste Systems, Inc.,* 49 F.3d 337, 339 (7th Cir.1995); accord, *Prochotsky v. Baker & McKenzie,* 966 F.2d 333, 334–35 (7th Cir.1992) (affirming dismissal of second case and holding that two claims or theories of recovery arising from plaintiff's discharge amounted to a single cause of action for purposes of claim preclusion); *Smith v. City of Chicago,* 820 F.2d 916, 918 (7th Cir.1987) (although "one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single

cause of action.... Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.") (citations omitted); see also *Highway J Citizens Group v. U.S. Dept. of Transportation,* 456 F.3d 734, 741 (7th Cir.2006), quoting *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983) (res judicata or claim preclusion provides that a final judgment is final "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose").

### 3. This Suit Involves the Same Parties as the Previous Suit

Finally, the current suit involves the same parties as the suit dismissed by The Honorable Judge Pepper. The plaintiffs are obviously the same in both suits. Defendant Froedtert South is a named defendant in both suits. The two new individuals Danielle Damask (improperly sued as "Danielle Dumas") and Ashley Tobin, are employees of Froedtert South; and alleged to have acted as employees of Froedtert South, on January 14, 2018. Ex. E. The fact that plaintiffs did not identify Damask and Tobin as defendants in the prior suit is of no import. It is well settled that employees are in privity with their employers for purposes of *res judicata*. See, *Harrison v. Deere & Co.*, 533 Fed. Appx. 644, 649 (7th Circ. 2013)(holding that employees are in privity with their employers based on agency and employment principles).

Plaintiffs also named St. Catherine's Medical Center ("SCMC") as a defendant. In fact, St. Catherine's is owned and operated by defendant Froedtert South, Inc. See Affidavit of Thomas Kelley attached hereto as Exhibit F. St. Catherine's is not incorporated; it is not a legal entity and it has no employees. Ex. F. As is more fully explained below, St. Catherine's cannot be sued and

[9]

is not a proper defendant. Accordingly, there is privity of interest between the proper defendants, the third element of *res judicata* is satisfied.

In sum, because there was a previous final judgment on the merits between the same parties (or parties with privity of interest) and the claims arise out of the same or substantially same set of facts, this lawsuit should be dismissed in its entirety and with prejudice based on the doctrine of *res judicata*.

### C. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Alternatively, if this Court declines to dismiss the case based on the doctrine of *res judicata*, dismissal is appropriate under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

#### 1. All Federal Claims Should be Dismissed with Prejudice

##### a. Plaintiffs Cannot State Any Claims Under the U.S. Constitution

In Count 5 plaintiffs claim to assert their 9th Amendment "constitutional rights as a married couple" and are suing under the 7th Amendment. However, the Bill of Rights does not provide individuals or married couples with a private right of action to sue private individuals for discrimination in public accommodation. "The First and Fourteenth Amendments to the Constitution protect citizens from conduct by the government, but not from conduct by private actors." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009)(union is not a state actor and noting "governmental regulation or participation" in some of defendant's affairs does not consequently make it a state actor.). Under the state-action doctrine, "a private entity may be considered a state actor when it exercises a function traditionally exclusively reserved to the State." *Manhattan Community Access Corp. v. Halleck*,

139 S.Ct. 1921 (June 17, 2019)(holding that defendant cable company providing public access channels was a private, not a state, actor).

Plaintiffs cannot sue directly for constitutional violations. They are not asserting a §1983 claim,[4] but even if they did it would have to be dismissed. Plaintiffs do not, and cannot, allege any facts to show the defendants are state actors, so Count 5 should be dismissed with prejudice. See, e.g., *Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003)(affirming dismissal of §1983 claims against hospital and doctor, noting that "a private person's receipt of state funds, without more, does not make that person a state actor"), citing *Blum v. Yaretsky,* 457 U.S. 991, 1011, (1982) (holding that private nursing home did not engage in state action despite its extensive regulation by state and receipt of 90 percent of its income from state); *Rendell–Baker v. Kohn,* 457 U.S. 830, 840 (1982) (holding that private school did not engage in state action despite receipt of public funds and degree of state regulation).

### b. Plaintiffs Fail to State a Claim under Federal Law

In Count 3 plaintiffs claim damages for defendants' alleged violations of 28 U.S.C. §1343. This section of the U.S. Code vests federal district courts with original jurisdiction of civil actions brought to redress deprivation, under color of state law, of rights secured by the U.S. Constitution or by any act of Congress. It does not provide any substantive rights, or a private right of action. 28 U.S.C. §1343. Count 3 should therefore be dismissed as a matter of law.

In Count 4 plaintiffs claim damages for alleged violations of 42 U.S.C. § 2000b-2. This statute simply states: "Nothing in this subchapter shall affect adversely the right of any person to

---

4     42 U.S.C. §1983 provides a civil cause of action for deprivation of constitutional rights by state actors. This was explained to the plaintiffs in the 4/24/19 hearing on the last lawsuit. Plaintiffs do not attempt to bring a §1983 claim in this case, nor could they because there is no state action.

[11]

sue for or obtain relief in any court against discrimination in any facility covered by this subchapter." *Id*. Notably, this subchapter falls under Title II of the Civil Rights Act, 42 U.S.C. §2000a, the federal statute prohibiting discrimination in public accommodation based on race, color, religion and national origin. This issue was fully briefed in earlier pleadings and discussed at length in the April 24, 2019 hearing. Again, the federal Civil Rights Act does not cover discrimination in public accommodation based on sexual orientation. Judge Pepper expressly dismissed one of plaintiffs' earlier pleadings on this basis. See, April 24, 2019 Order, included in Exhibit C. Nothing has changed since then. Plaintiffs still cannot state a claim for sexual orientation discrimination under Title II of the Civil Rights Act. These claims should be dismissed with prejudice, again.

In sum, if this Court declines to dismiss the lawsuit based on *res judicata*, dismissal is still appropriate because plaintiffs cannot state a claim under the U.S. Constitution or federal law. Once the federal claims are dismissed, Section 1367(c)(3) allows this Court to decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. §1367(c)(3); *Isabella A. by David A. v. Arrowhead Union High Sch. Dist.*, 323 F. Supp. 3d 1052, 1064–65 (E.D. Wis. 2018)(dismissing the complaint for failure to allege a plausible violation of constitutional rights; and declining to exercise supplemental jurisdiction over remaining state law claims).

**2. All State Law Claims Should be Dismissed With Prejudice**

Furthermore, if this Court declines to dismiss the entire action based on *res judicata*, and declines to dismiss the federal law claims, and/or decides to exercise supplemental jurisdiction over the remaining state law claims, these too should be dismissed with prejudice because there are no set of facts under which plaintiffs can state a claim.

[12]

### a. Count I Under Wisconsin §106.52 is Barred by the Statute of Limitations

In Count 1 of the most recent complaint plaintiffs purport to set forth a claim for discrimination in violation of the Wisconsin Public Accommodation statute, Wis. Stat. §106.52. The statute prohibits giving preferential treatment to some classes of persons in providing services or facilities in any public place of accommodation because of sexual orientation. Wis. Stat. §106.52(3)(a)(2). Aggrieved persons may file a complaint with the Wisconsin Department of Workforce Development (DWD) within 300 days of the alleged violation, or a civil action in the appropriate circuit court within one year of the alleged violation. Wis. Stat. §106.52(4)(a)(1) and §106.52(4)(e)(1) (emphasis added). If the aggrieved person files with the agency, there is a specific administrative investigation and review process that must be followed. Wis. Stat. §106.52(4)(a)-(d).

The instant complaint alleges the incident at issue occurred on January 14, 2018 and plaintiffs filed a charge with the state agency on March 2, 2018. Ex. E, ¶¶14, 40. This is the same charge plaintiffs voluntarily withdrew in September 2018. Ex. A.[5] Plaintiffs did not pursue their state law claims further – this despite the fact that plaintiffs were given multiple opportunities to amend their complaints. Nor did plaintiffs seek judicial review of the agency dismissal under §106.52(4)(c).

This new complaint was filed July 29, 2019 – well over one year from the January 14, 2018 date of the incident at issue. Accordingly, based on the plain reading of the complaint the state law claim was filed well beyond expiration of the statute of limitations, and Count I should be dismissed. See, e.g., *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)(If the allegations of the

---

5    Plaintiffs tried to re-file the same charge on November 13, 2018, but the DWD dismissed the second charge for lack of jurisdiction based on the earlier dismissal. Ex. A.

[13]

complaint itself unambiguously set forth the relevant dates necessary to satisfy the statute of limitations affirmative defense, dismissal is proper under Rule 12(b)(6)).

### b. Plaintiff's Cannot State Any Claims Under the Constitution of the State of Wisconsin

In Count 2 plaintiffs try to assert s claim for violation of the Wisconsin State Constitution. Federal and state equal protection clauses are interpreted in an equivalent manner. *Thorp v. Town of Lebanon*, 235 Wis. 2d 610 (2000); *Smith on behalf of Smith v. Severn*, 129 F.3d 419 (7th Cir. 1997). As with the federal constitutional claims, all of plaintiffs' state constitutional claims should be dismissed because there is no private right of action, and there are no set of facts under which plaintiffs can allege state action by the defendants.

In Count 2, plaintiffs claim to "assert their rights to remedies" under Art. I, §9, for the alleged violation of the Wisconsin Equal Protection Clause found at Article I, §1 of the Wisconsin State Constitution. Ex. E, ¶59-61. Article 1, §9 of the Wisconsin Constitution provides:

> Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obligated to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

W.S.A. Const. Art. 1, §9. It is well settled in the state of Wisconsin that "Section 9 confers no legal rights…. Rather, [it] applies only when a prospective litigant seeks a remedy for an already existing right" recognized by the state legislature. *Aicher ex rel. LaBarge v. Wisc. Patients Comp. Fund*, 237 Wis. 2d 99 (2000)("The right-to-remedy clause thus preserves the right to obtain justice on the basis of the law as it in fact exists."). Here plaintiffs do not identify the statutory basis for the rights they claim were infringed, other than a reference to Art. 1, §1. If they mean to

use Wis. Stat. §106.52, that statute sets forth a specific administrative process in the Department of Workforce Development and a one-year statute of limitations for civil actions (see above).

Moreover, Art. 1, §9 does not confer a legal right by which private individuals may be sued for state constitutional violations. See, *Jacobs v. Major*, 139 Wis. 2d 492 (1987) (Re-affirming state action doctrine applies to claims brought under Art. 1 of the Wisconsin State Constitution); *Kara B. by Albert v. Dane County*, 198 Wis. 2d 24, (Ct. App. Wisc. 1995)(plaintiff seeking redress for violation of a constitutional right must show the defendant was a state actor.).

### D. ALL CLAIMS AGAINST ST. CATHERINE'S MEDICAL CENTER SHOULD BE DISMISSED BECAUSE IT IS NOT A LEGAL ENTITY

Finally, even if this Court declines to dismiss the complaint based *res judicata* and/or failure to state a claim, all claims against St. Catherine's must be dismissed because it is not a legal suable entity. State law governs federal courts in determining whether defendants have the capacity to be sued. Fed. R. Civ. P. 17(b)(3). St. Catherine's Medical Center is the location where the complained of incident occurred. However, it is a non jural entity, and only denotes a location of a property that is owned by Froedert South, Inc. Affidavit of Thomas Kelley, Exhibit F. In *Paul Davis Restoration of S.E. Wis., Inc. v. Paul Davis Restoration of Northeast Wis.*, 831 N.W.2d 413, 421 (Wis. 2013) the Supreme Court of Wisconsin held that a business operating under several names alone does not give rise to the creation of separate jural entities. St. Catherine's Medical Center is one of several names for a hospital property owned by Froedert South, Inc. It is not incorporated and does not operate as a separate legal entity or independent subsidiary of Froedert South, Inc. Ex. F. As such, St. Catherine's Medical Center is a non-suable entity, and all claims against SCMC should be dismissed with prejudice.

[15]

### III. CONCLUSION

In sum, the doctrine of *res judicata* bars this action entirely. Plaintiffs were given ample opportunities to amend pleadings before this Court in the prior action. Plaintiffs ignored the Court Order and the law when they decided to file this action concerning the very same 1/14/18 incident that was the subject of July 12, 2019 final dismissal and judgment. Plaintiffs cannot now shop their case to a different Judge to get a different outcome. The complaint should be dismissed in its entirety and with prejudice based on *res judicata*.

Alternatively, even if this Court declines to dismiss the case based on *res judicata*, it should still be dismissed because plaintiffs have failed to state any claims upon which relief may be granted. The Court may also decline to exercise supplemental jurisdiction over state law claims once the federal claims have been dismissed. Finally, St. Catherine's Medical Center is a non-suable entity and all claims against SCMC should be dismissed as well.

Wherefore, Defendants, respectfully request that this Court enter an order dismissing Plaintiff's Complaint at Law with prejudice and stating that there is no just reason to delay enforcement of said order.

Respectfully submitted,<br>
**SCHUELER, DALLAVO & CASIERI**

<u>/s/ Katherine A. Rodosky</u><br>
An Attorney for Defendants

Katherine A. Rodosky
Schueler, Dallavo & Casieri
233 South Wacker Drive, Suite 5230,
Chicago, Illinois 60606

[16]

(312) 831-1090
krodosky@sdc-atty.com

[17]